Filed 01/09/18     Case 17-27346     Doc 58

Kristin Zilberstein, Esq. (200041)
Jennifer R. Bergh, Esq. (305219)
THE LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: jbergh@ghidottilaw.com

Attorneys for Creditor
US Bank Trust N.A., as Trustee of the
Bungalow Series F Trust, its successors and assigns

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>Kenneth Roger Tabor<br>        Debtor. | Case No.: 17-27346<br><br>MRG-1<br><br>Chapter 13<br><br>**OPPOSITION TO MOTION TO CONFIRM CHAPTER 13 PLAN**<br><br>341(a) Hearing<br>DATE: January 4, 2018<br>TIME: 10:00 a.m.<br><br>Confirmation Hearing<br>DATE: January 23, 2018<br>TIME: 3:00 p.m.<br>CTRM: 33<br>PLACE: U.S. Bankruptcy Court<br>       501 I Street<br>       Sacramento, CA 95814<br><br>Property: 10161 Major Rd., Yuba City, CA 95991<br>Honorable Ronald H. Sargis |

/ / /

1

TO THE HONORABLE JUDGE RONALD H. SARGIS, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HIS ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, DAVID CUSICK:

    US Bank Trust N.A., as Trustee of the Bungalow Series F Trust ("**Creditor**"), a secured creditor of Borrower, Ann T. Hill (the "**Borrower**").  Creditor holds a secured interest in the Property commonly known as 10161 Major Rd., Yuba City, CA 95991 (the "**Property**") and hereby objects to the confirmation of Debtor Kenneth Roger Tabor's (the "**Debtor**") Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.   Debtor indicates that the Property is Debtor's principal residence.

**I**

**STATEMENT OF FACTS**

1. On or about January 28, 1999,  the Borrower, for valuable consideration, made, executed and delivered to New American Financial, Inc., a Note (the "**Note**") with an original principal balance in the amount of $98,000.00 (the "**Loan**").

2. Said Note is secured by a Deed of Trust ("**Deed of Trust**"), which encumbers the Property dated January 28, 1999 and recorded February 5 1999, as Document No.: 19902076 in the Official Records of Sutter County, California, naming New American Financial Inc., as the Beneficiary.

3. Thereafter all beneficial interests in the Deed of Trust were assigned by Assignment of Deed of Trust to Creditor.

4. Creditor holds all right, title and interest in the Note and Deed of Trust.

5.  On or about November 6, 2017, Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of California, Case No.: 17-27346 (the "**Instant Petition**").

6.  Debtor is not the Borrower under Creditor's Note or the obligor under the Deed of Trust.

7.  Debtor and the Borrower were married on July 9, 2002.

8.  Debtor filed a proposed Chapter 13 Plan in which he provides for Creditor as a Class 2 Claim in which he purports to pay Creditor's total claim over the life of the Plan, in the amount of $99,000, at an interest rate of 3%, with a monthly payment in the amount of $2,604.00.

9.  Creditor's Claim does not mature during the Chapter 13 Bankruptcy Petition.

10. The total amount owed to Creditor as of the Petition date is no less than approximately $101,855.31.

11. The total pre-petition arrears owed to Creditor totals no less than $55,151.23.

12. The Debtors' Plan does not provide for payment of Creditor's post-petition monthly mortgage payment or the arrears owed to Creditor in the amount of $55,151.23.

## II

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court.   Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

**A.　IMPERMISSIBLY MODIFIES CREDITOR'S RIGHTS**
11 U.S.C. §1322(b)(2)

The Plan modifies the rights of a creditor whose claim is secured only by a security interest in real property that is Debtor's principal residence in violation of 11 U.S.C. §1322(b)(2) by: (1) <u>not providing for cure of Creditor's arrears</u> and (2) <u>not providing for ongoing payments to</u>

1　Creditor.　Debtor's Plan does not provide for Creditor's pre-petition arrears, or post-petition

2　monthly mortgage payment.　Debtor instead attempts to modify or cram down Creditor's claim

3　by reducing the total payoff and interest rate.　The Debtor lists the Property as Debtor's principal

4　residence, and thus Creditor's claim cannot be modified, therefore Debtor's Chapter 13 Plan

5　must provide for ongoing monthly payments to Creditor and the cure of Creditor's arrears.

6　　**B. DOES NOT MEET FULL VALUE REQUIREMENT**
　　　　11 U.S.C. §1325(a)(5)(B)(ii)

7

8　The Debtor's Plan does not provide for cure of the pre-petition arrears owed to Creditor.　The

pre-petition arrears owed to Creditor are no less than approximately $55,151.23.　Debtor's Plan

9

10　does not provide for payment of any arrears owed to Creditor.　Accordingly, Debtor will be

required to amend his Plan to fully provide for the pre-petition arrears owed to Creditor.　Since

11

12　Debtor's Plan does not provide for cure of the default of the pre-petition arrears owed to

Creditor, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C.

13

14　§1325(a)(5)(B)(ii).

15　　**C. PROMPT CURE OF PRE-PETITION ARREARS**
　　　　11 U.S.C. §1322 (d)

16　The pre-petition arrears owed to Creditor are no less than $$55,151.23.　In order to cure the

17　Creditor's pre-petition arrears in sixty (60) months as proposed, Debtor's monthly plan payment

18　to Creditor must total no less than $919.19.　Debtor's Plan does not provide for payment of

19　Creditor's arrears in any amount.　Therefore, Debtor's Plan fails to provide for prompt cure of

20　Creditor's pre-petition arrears.

21　///

22　///

23　///

24

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

    a.    The Plan be denied confirmation and the case be dismissed.

DATED: January 2, 2018        THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Kristin A. Zilberstein, Esq.
     Kristin A. Zilberstein, Esq.
     Attorneys for Creditor: NP162, LLC